AARON PHELPS v. JAMES B. McMAHON, CIRCUIT JUDGE OF OSCEOLA COUNTY.

REPLEVIN — SUFFICIENCY OF AFFIDAVIT.

Relator applied for *mandamus* to compel the respondent to vacate an order overruling relator's special appeal from a judgment rendered against him in justice's court as defendant in an action of replevin. Order to show cause was denied February 18, 1896.

*Charles A. Withey,* for relator, contended:

1. That the affidavit does not comply with the statute, and is within *Phenix v. Clark,* 2 Mich. 327; *McClaughry v. Cratzenberg,* 39 Ill. 117; *Railroad Co. v. Andrews,* 53 Id. 177.

2. That the respondent, to sustain the affidavit, read it as though the words "John Menier" found on the line below "George Wells" were moved up on to the line above so as to occupy the space between the words "deponent ............ George Wells;" that it is insisted that there is no warrant for doing so; that the affidavit reads fairly and intelligibly as made, and there is nothing to show that anything is misplaced upon it; that to read it in that way is to make of it an entirely different instrument; that it cannot be treated as a clerical error,

because there is nothing upon its face to show that John Menier intended to comply with the requirements of the statute, but on the other hand the inference is stronger that he did not intend to comply with them, and could not than though his name did not appear at all.

The facts as alleged in the petition for *mandamus* were:

*a*—That John Menier and George Wells sued relator in replevin in justice's court; that the following is a *fac similie* of the affidavit upon which the writ was issued:

STATE OF MICHIGAN, ᒐ
COUNTY OF OSCEOLA. ᒐ ss.

John Manier, George Wells being duly sworn do depose and say that one red and white yoke of working cattle, also yoke staple and ring for said cattle to work in of the value of $100 and not exceeding in value one hundred dollars of the personal goods and chattels of this deponent is unlawfully detained from the possession of said deponent the said John Manier and George Wells, of Evart township, in said County of Osceola by Aaron Phelps and that said deponent is now lawfully entitled to the possession of said goods and chattels. And this deponent further deposing says that the above mentioned goods and chattels have not been taken for any tax, assessment or fine, levied by any law of this State, nor seized under any execution or attachment against the goods and chattels of the said deponent ————George Wells liable to execution; and that said deponent the said John Manier claim one hundred dollars damages for the said taking and detaining said goods and chattels. And further this deponent says not.

JOHN MANIER<br>GEORGE WELLS

Subscribed and sworn to before me, this 14th day of June, A. D. 1895.

A. T. SMITH,

Justice of the peace in and for said Osceola county, State of Mich.

*b*—That on the return day relator appeared specially by his attorney, C. A. Withey, and objected to the jurisdiction of the court, and asked that the proceedings be quashed on the ground that the affidavit was insufficient to confer jurisdiction upon said justice to proceed; that among other reasons assigned why said affidavit was so insufficient was the following:

"It does not state that the property described in the writ has been taken for any tax, assessment, or fine levied by any law of this State, nor seized under any execution or attachment against the goods and chattels of one of the persons making said affidavit, namely, John Menier, liable to execution."

That said objection was overruled, whereupon relator withdrew from the court, and allowed the matter to proceed; that such proceedings were afterwards had as resulted in the rendition of a judgment in favor of the plaintiffs, from which relator took a special appeal to the circuit court for Osceola county, alleging in his affidavit that the justice erred in holding the affidavit sufficient, and in overruling relator's motion to quash and dismiss for the reason assigned in his motion.

*c*—That in due time and in accordance with the regular practice, said special appeal came on to be heard, and was overruled by respondent, and relator compelled to go to trial upon the merits, to which ruling relator by his attorney duly excepted.